The Opinion and Decree of this Court on the writof error Porter against Breckenridge, was as follows : In this case two questions are made — the first, is the complainant entitled to a decree for a specific conveyance of the land in the bill mentioned ? The second, if he is, snouid it be upon the terms annexed by the decree of the inferior court, or upon what terms ?
As to the first, it is conceived that a decree for a specific conveyance of the land in the bill mentioned, was right and proper ; for the fraud alleged by the defendant in his answer, is not of such a nature, nor has it been so injurious to him, as that the whole contract should be vitiated and set aside ; and if he has sustained any damages by reason of the fraud, if he is made whole, it is all that he should require ; and therefore there is no error in so much of the said decree.
As to the second, upon examining the proofs and exhibits in this cause, and viewing the transactions at the time they took place, without regard to the length of *25 time which has elapsed, and circumstances which have turned up since ¡ the condition annexed to the decree by the inferior court is deemed proper.
Porter, the complainant* being the assignee of an equity* took it subject to all the circumstances and equity which was attached to it in the hands of the original obligee, and therefore this cause should bé decided on the same principles as if Isaac Robinson were complainant. Isaac Robinson in selling the Tinker creek land to the defendant, as devisee of his father, John Robinson, when his father had died intestate previous to the change in the law of descents, was guilty of misrepresentation. And further it appears that a reputed grand daughter of John Robinson’s, Was, is the year 1786* seen at his house in Virginia* where Isaac Robinson then lived; which affords a strong presumption that Isaac Robinson must have known of his father’s former marriage, and the circumstances atteriding it; And this presumption is greatly increased from Isaac Robinson’s conduct and confessions at James Robinson’s, when on his removal from Botetourt to Pennsylvania. Which circumstances prove that he also concealed the truth* and therefore has been guilty of fraud; At the time of the contract the defendant lived in Albemarle and Isaac Robinson in Botetourt. John Robinson had not been long dead, and shortly after the contract a report is currently circulated and generally believed in Botetourt that John Robinson had married a wife in Pennsylvania* by whom he had a son ; and during the life of that wife married another in Virginia ; and that Isaac Robinson had an elder brother to the northward, who was heir at law to John Robinson: and therefore the defendant was not safe in his purchase; The defendant, upon coming to Botetourt some time after, is informed of the report; that it was generally believed ; and that Isaac Robinson was removing to Pennsylvania. He pursues ahd charges him with the fraud. Isaac Robinson does not deny the fact * endeavors to prevail on one of his relations to become his surety to the defendant to indem-dify him : his relation refuses, because he believes the report true. Isaac Robinson then promises to purchase' tip and extinguish his elder brother’s right, and transmit it to the defendant.
*26 The conduct on the part of Isaac Robinson was an admission that the report was true, and rendered it unnecessary for the defendant to trace it farther, when he found that Isaac Robinson had failed in his promise to purchase and transmit his elder brother’s right; that he had tvasted and squandered the property and money which the defendant had paid him ; that he had left the state in defiance of its laws, in a state of insolvency ; and that the probability was great that this elder brother might and would assert his claim to the land. It is conceived that every prudent man would endeavor to avoid the loss ; and the measure pursued by the defendant is deemed as fair and just a one, under the whole circumstances as they then stood, as he could have pursued. Because if the brother had then came fonvard, asserted and established his claim, the sum for which the defendant sold the land was so much saved to Isaac Robinson, who, in case a sale had not been made and an eviction had taken place, would have been liable for the full value of the hind. Nor ought he now to complain at being obliged to make lip a loss which the defendant has sustained in consequence of a report which he sanctioned and admitted.
The length of time which has elapsed, and this elder brother not having appeared and asserted his right, ought not to influence the decision of this cause ; but it should be determined upon the circumstances which existed, or which there was well grounded apprehensions to believe did exist, at the time the transaction took place ; for the circumstances which were believed to exist at the timei should equally govern as the laxv of the time.
If the circumstances arose from the fears of the defendant, those fears were produced from a report that currently circulated ; was generally believed ; and instead of being denied by Isaac Robinson, was admitted and sanctioned by his attempt to get security to indemnify the defendant ; and on failing in that, by promising to purchase and extinguish the claim of this elder brother. And' although there is no positive proof that the report originated with him, yet it was so stated in the neighborhood, and from his conduct and confessions produced as great injury to the defendant as if he had raised the report : in which case no doubt can exist that he should be answerable.
*27 There is therefore no error in the said decree annex-$ng the payment of a sum of money equal to the loss sustained by the defendant, which has been ascertained by the court below to be Z.272 17-3 1 -2. Butthecourt mistook the time at which interest should comraénce : the time fixed by that decree is the 29th day of September 1787, which is the date of the contract between Isaac Robinson and the defendant, when the true period at which the defendant sustained the loss was on his sale to Watts, which was on the 9th day of October 1789 ; and from this date should the interest commence.
Therefore, it is considered by the court that the cause be remanded to the'Fayette circuit court, with directions to correct the decree as aforesaid, and to fix the time of payment of the money, and when the conveyance shall be made ; and that each party pay their own costs in this court.
The Opinion and Decree oe this Court on the writ of error Grayham and Robinson against Porter, was as follows : From the allegations in the bill and answer, the true meaning of the contract between Porter and Grayham, as to Grayham’s liability, is not shewn.
There is no charge of fraud on Grayham, nor is it stated that he consented to become responsible in any manner whatever; and his not having assigned the bond, affords a strong presumption that he was not to be liable ; and from the complection of the cause, it rather appears that Grayham was made a defendant for another purpose than thatoi contesting Porter’s right to re-, cover over against him.
Therefore, it is considered by the court that the decree aforesaid be reversed and set aside, reserving the liberty to Porter to amend his bill in such manner as to shew his right to recover against Grayham or Isaac Robinson, or to bring such suit or suits as he may think proper^ and that the plaintiffs recover of the defendant his costs in this behalf expended.